IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Lisa Ann Deweese, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-0014 C |
| | ) | |
| THE UNITED STATES, | ) | Senior Judge Marian Blank Horn |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, respectfully submits this motion to dismiss the *pro se* complaint filed by plaintiff, Ms. Lisa Ann Deweese, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Ms. Deweese brings her complaint under the Contract Disputes Act (the CDA) and the Federal Tort Claim Act (the FTCA) alleging contract breaches in child protective services matters, due process violations, and tortious conduct by child protective services agencies.[1]

**STATEMENT OF THE ISSUES**

1. Whether plaintiff's Amended Complaint should be dismissed because the Court does not possess subject matter jurisdiction over agreements with child protective services

---

[1] Under RCFC 83.1(a)(3), a *pro se* litigant may not represent any other person. RCFC 83.1(a)(3) ("**Pro Se Litigants.** An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court."). Accordingly, Ms. Deweese, as a *pro se* litigant, may not represent a class. *See Hymas v. United States*, No. 18-831C, 2018 WL 6600973 (Fed. Cl. Dec. 17, 2018) ("Pro se plaintiff Jay Hymas, doing business as Dosmen Farms, therefore, cannot represent a class of farmers in the above-captioned case."). This motion therefore does not separately address the Amended Complaint's caption stating that Ms. Deweese is acting on behalf of a class of similarly situated individuals or that Ms. Deweese is "acting as Vox Populi." *See* ECF 6 at ¶ 2.

agencies that do not mandate the payment of money by any Federal Government agency.

2. Whether plaintiff's Amended Complaint should be dismissed because the Court does not possess subject matter jurisdiction over allegations of due process violation and tortious conduct by child protective services agencies.

## SUMMARY OF ARGUMENT

The Amended Complaint's allegations of contract breaches should be dismissed because the alleged contracts from child protective services matters are not money-mandating and because the allegations fail to support the existence of a valid contract with the United States. The alleged contract breaches are therefore outside of this Court's jurisdiction.

The Amended Complaint's allegations of due process violations should be dismissed because the due process provisions in the Constitution are not money-mandating and are outside of this Court's jurisdiction.

The Amended Complaint's allegations of tortious conduct should be dismissed because, under the Tucker Act, Congress expressly defined this Court's jurisdiction to exclude tort claims.

Transfer under 28 U.S.C. § 1631 in this case would be futile, because it is unclear from the facts alleged in the Amended Complaint that any Federal district court would have jurisdiction over this case. As such, transferring to another Federal district court would not be in the interests of justice.

## LEGAL STANDARD

The Court construes the allegations in a *pro se* complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this leniency, a *pro se* litigant must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (Fed. Cir. 1983); *see Kelley v. U.S.*

*Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  When reviewing a *pro se* litigant's pleadings, the Court should not become an advocate.  *Etienne v. United States*, No. 22-269C, 2022 WL 2223142, at *3 (Fed. Cl. June 21, 2022).  Rather, the Court must merely construe the pleadings to "give[ ] the litigant every opportunity to make out a claim for relief ...." *Id*.  Regardless of *pro se* status, however, a plaintiff always bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence.  *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

## **ARGUMENT**

The jurisdiction of the United States Court of Federal Claims is limited. *Giesecke+Devrient GMBH v. United States*, 150 Fed. Cl. 330, 342 (2020) ("The jurisdiction of the Court of Federal Claims is even more limited than that of other federal district courts. In *United States v. King*, the Supreme Court emphasized this Court's jurisdiction extends only as far as the government consents to be sued.").  The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

sounding in tort." 28 U.S.C. § 1491(a)(l).

"The Tucker Act provides the waiver of sovereign immunity necessary to sue the United States for money damages, but the plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute, or constitutional provision itself, in order for the case to proceed." *Anderson v. United States*, 85 Fed. Cl. 532, 536 (2009).

Moreover, Congress expressly defined this Court's jurisdiction to exclude tort claims. 28 U.S.C. § 1491(a)(l); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Instead, the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., grants Federal district courts exclusive jurisdiction to hear tort claims against the Federal Government. 28 U.S.C. § 1346(b)(l); *see Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992).

I. **The Amended Complaint Fails To Show That Ms. Deweese's Claims Arose Out Of A Valid Money-Mandating Contract With The United States**

   A. **The Amended Complaint Fails To Show That The Claims Arose Out Of A Money-Mandating Contract**

The Amended Complaint's allegations of contract breaches should be dismissed because the alleged Mediation Agreements and Safety Plans are not money-mandating. Claims premised on such non-money mandating sources are outside of this Court's jurisdiction. The jurisdiction of this Court is established and limited by the Tucker Act. 28 U.S.C. § 1491. "The government's consent to suit under the Tucker Act does not extend to every contract." *Rick's Mushroom*, 521 F.3d at 1343. The Tucker Act only waives sovereign immunity for claims premised on sources such as contracts that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Ivaldy v. United States*, 123 Fed. Cl. 633, 635 (2015).

The alleged contracts in this case are Mediation Agreements and Safety Plans in child protective services (CPS) matters. ECF 6 (Am. Compl.) at ¶ 4.C ("The Mediation Agreement is

4

a contract in [] CPS cases that includes court action and The Safety Plans are contracts involved in CPS cases that do not include court action."). According to the Amended Complaint, such contracts involved only non-monetary requirements. *See id*. ("The contracts read as if the Plaintiffs waived their right to trial, that they allow the CPS agency to keep their child(ren) for up to two years, that Defendants can terminate their parental rights and place their child up for adoption. The CPS agents also claim that the Plaintiffs agreed to work the treatment plan after the signing but not beforehand."); *id*. at ¶ 4.D ("Safety Plan cases are like Court centered Mediation cases except they lack the oversight of the Court centered mediation cases[,] and family's members are allowed to act as foster parents instead of strangers."); *id*. at ¶ 4.E ("Verbally, the Petitioners are told something like if [] you will agree to go to therapy the[n] we will return the child to you."). Nothing in these allegations can be fairly interpreted as mandating compensation by the Federal Government for the alleged damages sustained.

    B. **The Amended Complaint Fails To Show That The Claims Arose Out Of A Valid Contract With The United States**

The Amended Complaint's allegations of contract breaches should be dismissed because the allegations fail to support the existence of a valid contract with the United States.

RCFC 9(k) requires a party, "[i]n pleading a claim founded on a contract," to "identify the substantive provisions of the contract ... on which the party relies." "If a plaintiff fails to comply with RCFC 9(k) and to allege sufficient facts to show that it had a contract with the United States, the court cannot exercise jurisdiction over the claim." *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 766 (2014); *Kissi v. United States*, 102 Fed. Cl. 31, 35 (2011) (finding no jurisdiction based on the plaintiff's failure to show an existing contract and failure to "adequately plead a contract claim under RCFC 9(k)").

The Amended Complaint lacks well-pleaded allegations to satisfy any of the contract

elements: "(1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract." *See Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003); *Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002) ("To plead a contract claim, whether express or implied, within Tucker Act jurisdiction, a complainant must allege mutual intent to contract including an offer, an acceptance, consideration and facts sufficient to establish that the contract was entered into with an authorized agent of the United States who had actual authority to bind the United States.") (quotations omitted).

The Amended Complaint alleges instead the shortfall in many contract elements. For example, a lack of mutuality of intent to contract is apparent in the allegation that "the contracts were not agreed to by the Plaintiff(s), who were forced to sign them without reading them first and afterwards [w]ere not permitted to obtain copies of them." *See* Am. Compl. at ¶ 4.C. Likewise, the allegation that "[n]either type of CPS contract is presented as it is in writing" implies that there was no clear offer and acceptance. *See* Am. Compl. at ¶ 4.E.

Most critically, the Amended Complaint fails to show that any government representative with actual authority to bind the Federal Government agreed to contract with Ms. Deweese on the Federal Government's behalf. "Absent actual authority on the part of the Government's agent to bind the Government in contract, no binding contract can exist, regardless of the agent's representations." *Doe v. United States*, 100 F.3d 1576, 1584 (Fed. Cir. 1996). "[T]he doctrine of apparent authority does not apply to the federal government." *Bromley Contr. Co. v. United States*, 14 Cl. Ct. 69, 79 (Cl. Ct. 1987) (citation omitted).

The only connection to the Federal Government apparent in the Amended Complaint is that the "Child Protective Services (CPS) are governed by The Administration for Children and

Families (ACF), a division of the United States Department of Health and Human Services (HHS)." However, "[a]n agency's performance of its regulatory or sovereign functions does not create contractual obligations." *D&N Bank v. United States*, 331 F.3d 1374, 1378-79 (Fed. Cir. 2003) ("Mere approval of the merger does not amount to intent to contract. The Bank Board, in its regulatory capacity, must approve all mergers.") (citations omitted); *also Rinaldi v. United States*, 30 Fed. Cl. 164, 167 (Fed. Cl. 1993) (finding alleged acceptance of tax payments by I.R.S. insufficient to meet the contract element of "manifesting an intent to contract"). Accordingly, an alleged governance of state or local child protective services by an agency within the United States Department of Health and Human Services cannot give rise to a valid contract with the Federal Government.

## II. The Allegations Of Due Process Violations And Tortious Conduct Are Outside Of This Court's Jurisdiction

### A. Due Process

The Amended Complaint's allegations of due process violations should be dismissed because the due process provisions in the Constitution are not money-mandating. Claims premised on the due process provisions of the Constitution are outside of this Court's jurisdiction.

The provision of the Constitution or Act of Congress cited as the basis for a claim within this Court's jurisdiction must be money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). And the plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v. Mitchell*, 463 U.S. 206 (1983) (internal quotations omitted).

No monetary damages are available from this Court for the violation of the due process

clauses in the Constitution. *Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008) ("[I]t is well-settled that these constitutional provisions [the Due Process Clauses of the Fifth and Fourteenth Amendments] are not money-mandating."); *Schweitzer v. United States*, 82 Fed. Cl. 592, 597–98 & n. 7 (2008) (dismissing for lack of jurisdiction Fourth, Fifth, Ninth, and Fourteenth Amendment claims). Accordingly, those claims should be dismissed.

### B. Tortious Conduct

Under the Tucker Act, Congress expressly defined this Court's jurisdiction to exclude tort claims. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States … in cases not sounding in tort."); *Rick's Mushroom*, 521 F.3d at 1343. Instead, the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., grants the district courts exclusive jurisdiction to hear tort claims against the Federal Government. 28 U.S.C. § 1346(b)(l); *see Woodv. United States*, 961 F.2d 195,197 (Fed. Cir. 1992).

The Amended Complaint contains allegations sounding in tort such as "[t]hese CPS cases involve taking children directly from the home, hospital after being born or off the street with and/or without the parent(s) knowledge and placed in foster care or up for adoption." *See* Am. Compl. at ¶ 4.F. The Amended Complaint further cites the FTCA as a jurisdictional basis. *Id*. at ¶ 1.E ("Under the FTCA, the federal government acts as a self-insurer, and recognizes liability for the negligent or wrongful acts or omissions of its employees acting within the scope of their official duties."). The tort claims in the Amended Complaint are outside of this Court's jurisdiction and should be dismissed.

### III. Transfer Would Be Futile

Section 1631 of Title 28 of the United States Code permits transfer to the appropriate federal court when: (1) the transferring court lacks subject matter jurisdiction; (2) the case could

8

have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice. *McClellan v. United States*, 119 Fed. Cl. 494, 520 (2015).

The Amended Complaint requests transferring the case to the Supreme Court under Section 1631. Am. Compl. at ¶ 1.F. However, Section 1631 allows only transfers to a court as defined in Section 610. 28 U.S.C. § 1631. The definition of a "court" in Section 610 does not include the Supreme Court. *See* 28 U.S.C. § 610 ("As used in this chapter the word 'courts' includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade."). Accordingly, Section 1631 does not allow transferring the case to the Supreme Court.

Moreover, transferring to any other federal court would be futile because it is unclear whether any other federal courts have jurisdiction over the subject matter of the Amended Complaint. Indeed, the Amended Complaint appears to suggest that the underlying child protective services matter took place in New Mexico state courts. *See* Am. Compl. at ¶ 4.I (referring to "The Honorable Nancy Franchini in the Second Judicial District Court of Bernalillo County, Albuquerque New Mexico for any and all exhibits, disclosure and/or Discovery related to this matter"). Nothing in the record allows an inference that any Federal Government agency or employee was involved in Ms. Deweese's matter in the New Mexico state courts. As such, transferring this case under Section 1631 would not be appropriate.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court dismiss Ms.

Deweese's Amended Complaint for lack of subject matter jurisdiction.

                                                Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                PATRICIA M. McCARTHY
                                                Director

                                                <u>/s Corinne A. Niosi</u>
                                                CORIINNE A. NIOSI
                                                Assistant Director

                                                <u>/s Nelson Kuan</u>
                                                Nelson Kuan
                                                Trial Attorney
                                                Commercial Litigation Branch
                                                Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 480
                                                Washington, DC  20044
                                                Tel.:     (202) 307-0335
                                                Fax:     (202) 514-7965
                                                Nelson.Kuan@usdoj.gov

January 25, 2024                              Attorneys for Defendant